# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHVILLE DIVISION

| | |
|---|---|
| JOSE VIRGILIO MARQUEZ, <br><br> PLAINTIFF, <br><br> V. <br><br> TRANS UNION, LLC & EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> DEFENDANTS. | Civil Action No. 1:10-CV-00219 |

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES IN RESPONSE TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian") by its undersigned counsel, and in answer to the Complaint ("Complaint"), states as follows:[1]

1. In response to paragraph 1 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. Experian states that this is a legal conclusion which is not subject to denial or admission.

2. In response to paragraph 2 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

3. In response to paragraph 3 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

---

[1] This matter was originally filed in the State of North Carolina, County of Buncombe, General Court of Justice, Superior Court Division, File No. 10CV04608. This case was removed to this Court pursuant to 28 U.S.C. § 1331 (2010). Defendant Experian joined in and consented to this removal. (Docs. 1 at Ex. B; 4).

4. In response to paragraph 4 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

5. In response to paragraph 5 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6. In response to paragraph 6 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

FIRST CLAIM OF RELIEF
(Against Trans Union)
(Negligent Noncompliance with FCRA)

7. In response to paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8. In response to paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9. In response to paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

SECOND CLAIM OF RELIEF
(Against Trans Union)
(Willful Noncompliance with FCRA)

10. In response to paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11. In response to paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12. In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

THIRD CLAIM OF RELIEF
(Against Experian)
(Negligent Noncompliance with FCRA)

13. In response to paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14. In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15. In response to paragraph 15 of the Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.

FOURTH CLAIM OF RELIEF
(Against Experian)
(Willful Noncompliance with FCRA)

16. In response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17. In response to paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18. In response to paragraph 18 of the Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**
**(FAILURE TO STATE A CLAIM)**

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

**SECOND AFFIRMATIVE DEFENSE**
**(IMMUNITY)**

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

**THIRD AFFIRMATIVE DEFENSE**
**(TRUTH/ACCURACY OF INFORMATION)**

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

**FOURTH AFFIRMATIVE DEFENSE**
**(INDEMNIFICATION)**

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

**FIFTH AFFIRMATIVE DEFENSE**
**(FAILURE TO MITIGATE DAMAGES)**

Plaintiff has failed to mitigate his damages.

**SIXTH AFFIRMATIVE DEFENSE**
**(LACHES)**

The Complaint and each claim for relief therein is barred by laches.

## SEVENTH AFFIRMATIVE DEFENSE
## (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and resulted from Plaintiffs own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## EIGHTH AFFIRMATIVE DEFENSE
## (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

## NINTH AFFIRMATIVE DEFENSE
## (STATUTE OF LIMITATIONS)

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

## TENTH AFFIRMATIVE DEFENSE
## (UNCLEAN HANDS)

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE
## (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

Dated: October 11, 2010

      s/ Kate E. Payerle
Julian H. Wright
N.C. Bar # 38603
Email: jwright@rbh.com
Kate E. Payerle
N.C. Bar # 36987
Email: kpayerle@rbh.com

**Robinson, Bradshaw & Hinson, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246-1900
Telephone: (704) 377-2536
Facsimile: (704) 373-3952

*Attorneys for Defendant Experian Information Solutions, Inc.*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically filed the foregoing document using the CM/ECF system, which will electronically serve the following:

| | |
|---|---|
| James M. Ellis<br>Stone & Christy, P.A.<br>110 N. Dougherty Street<br>Black Mountain, North Carolina 28711<br>james@stoneandchristy.com<br>*Attorney for Plaintiff* | David M. Wilkerson<br>THE VAN WINKLE LAW FIRM<br>11 North Market Street<br>Asheville, NC 28801<br>dwilkerson@vwlawfirm.com<br>*Attorney for Trans Union LLC* |

Dated: October 11, 2010.

         s/ Kate E. Payerle
Kate E. Payerle
N.C. Bar # 36987
Email: kpayerle@rbh.com

**Robinson, Bradshaw & Hinson, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246-1900
Telephone: (704) 377-2536
Facsimile: (704) 373-3952